**UNITED STATES of America, Appellee,**

v.

**Vernon George LAMBERT, Appellant.**

**No. 79–1294.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 24, 1979.

Decided Aug. 31, 1979.

Rehearing Denied Sept. 27, 1979.

David Garcia (Lakewood Park), Devils Lake, N. D., for appellant.

James R. Britton, U. S. Atty., and Herbert A. Becker, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

---

PER CURIAM.

Vernon George Lambert appeals from his convictions, following a jury trial, on eleven counts of embezzlement of funds from an Indian tribal organization, in violation of 18 U.S.C. § 1163 (1976).[1] Lambert contends the district court erred in instructing the jury that certain testimony to which Lambert stipulated must be taken as true. We reject this contention and affirm.

During the trial, the Government sought to prove that several checks (exhibits numbered 2 through 13 in the record) made out to Dakota Trading Post from the Devils Lake Sioux Tribe had been approved by appellant Vernon George Lambert and presented to the Trading Post for cash, not for merchandise. A government witness, Linde, answering a series of questions as to each check in turn, testified that Lambert received cash for the first two checks in question. At this point, counsel for Lambert suggested "that if, this witness is probably going to go through the same routine for the rest of the exhibits * * * we would certainly stipulate again."

The prosecutor then offered the following as a stipulation:

that as concerns Exhibits No. * * * 2, 3, 4, 5 and 6, 8, 9, 10, 12, 13, that these were all checks made out to Dakota Trading Post; * * * and they were in fact cashed for cash.

Counsel for appellant stated that he understood the stipulation, and the trial judge recited, without objection, that "[t]he stipulation is agreed to and the jury will so understand it."

The district court subsequently instructed the jury concerning this stipulation, as follows:

It is also stipulated that if the witness Linde had testified concerning checks which are Exhibits No. 2 through 13, that he would have said they were in fact cashed at the Dakota Trading Post. It has been further stipulated that those checks were cashed for cash. Those facts must be considered as having been proved.

Appellant's counsel objected to the above instruction to the extent that the trial court stated "[t]hose facts must be considered as having been proved." The court overruled that objection and refused to modify the instruction. On this appeal Lambert reasserts that objection, contending the trial court invaded the province of the jury by adding to the stipulation that the "facts must be considered as having been proved," rather than merely stating that the witness would so testify.

That argument is without merit. First, the parties, through counsel, stipulated to the facts to which witness Linde would testify.[2] Second, Lambert in his testimony admitted receiving cash for the checks in question, further testifying that he used such cash for authorized purposes. Under those circumstances, the trial court properly construed the stipulations of counsel as an agreement that the checks in fact had been cashed at Dakota Trading Post in accordance with the stipulated proof from witness Linde. Even if the court's instruction might have construed the stipulation overbroadly, that instruction cannot have prejudiced Lambert, for Lambert has not disputed, either at trial or on this appeal, the veracity of Linde's stipulated testimony concerning the checks.

In our view, Lambert received a fair trial and fair consideration from an experienced and able trial judge. That appellant has raised only a single, almost frivolous claim of error underscores that observation.

Affirmed.

---

1. These convictions resulted from Lambert's second trial on the charges in question. On the first trial, the jury could not reach agreement.

The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, presided at the second trial and placed Lambert on probation for five years.

2. Such a stipulation deprives the jury of an opportunity to observe the demeanor of the witness and to judge his credibility with respect to the subject matter of the stipulation.